IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 7, 2004

## JEFFREY A. UTLEY v. RICKY J. BELL, WARDEN

**Appeal from the Criminal Court for Davidson County
Nos. 90-W-463, 86-S-1242     Steve Dozier, Judge**

_____

**No. M2004-00712-CCA-R3-CD - Filed December 28, 2004**

_____

The Defendant, Jeffrey A. Utley, appeals from the dismissal of his petition for writ of habeas corpus. The trial court found that the petition did not set forth grounds which would entitle the Defendant to habeas corpus relief. The judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Jeffrey A. Utley, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Amy Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

According to the Defendant's petition and the exhibits attached thereto, the Defendant was convicted of second degree murder and armed robbery. He was sentenced to concurrent terms of twenty years in the Department of Correction for each offense on March 23, 1987. Subsequently, on May 24, 1990, the Defendant was convicted of escape and sentenced to a term of one year, to be served consecutively to his prior effective twenty-year sentence.

On January 16, 2004, the Defendant filed a petition seeking habeas corpus relief. In his petition, he alleged that his twenty-year sentences had "expired" on September 15, 2003, at which time he began serving his one-year sentence. He asserts that his one-year sentence is an illegal sentence because it reflects a release eligibility of thirty percent, but the Parole Board will not consider him for parole. He appears to argue that he is ineligible for parole because his sentence for

escape is less than two years. <u>See</u> Tenn. Code Ann. § 40-35-501(a)(2). We note that the same statute provides that this parole ineligibility is not applicable when consecutive felony sentences total a term greater than two years. <u>Id.</u> We also note that inmates with felony sentences of two years or less are entitled to have the remainder of their original sentence suspended upon reaching their release eligibility date. <u>See</u> Tenn. Code Ann. § 40-35-501(a)(3).

Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the Defendant or that the sentence of imprisonment has otherwise expired. <u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. <u>Id.</u> at 163.

In this case, it is apparent on the record that the Defendant's twenty-year sentences, imposed on March 23, 1987, have not expired. It is equally clear that the Defendant's one-year sentence, subsequently ordered to be served consecutive to the twenty-year sentence, has not expired. There is nothing in the record to suggest that the sentencing court was without jurisdiction to convict or sentence the Defendant for his crimes.

The Petitioner has not established that he is entitled to habeas corpus relief. He has demonstrated neither a facially invalid judgment nor an expired sentence. Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID H. WELLES, JUDGE